UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

           Plaintiff,

v.                                        Criminal Case No. 10-20499
                                        Honorable Linda V. Parker

DONALD ROSS RUTLEDGE,

            Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY EXECUTION OF SENTENCE PENDING APPEAL

On May 26, 2015, judgment was entered in this case after Defendant pleaded guilty to violating a supervised release condition. The Court sentenced Defendant to a term of imprisonment of six (6) months. Presently before the Court is Defendant's Motion to Stay Execution of Sentence Pending Appeal, filed June 2, 2015. (ECF No. 35.) The motion has been fully briefed. For the reasons set forth below, the Court denies Defendant's request.

The Bail Reform Act, 18 U.S.C. § 3143(b), governs Defendant's request for release. The statute reads in pertinent part:

> Except as provided in paragraph (2), the judicial officer shall order
> that a person who has been found guilty of an offense and sentenced
> to a term of imprisonment, and who has filed an appeal or a petition
> for a writ of certiorari, be detained, unless the judicial officer finds--

>(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
>(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>(i) reversal,
>
>(ii) an order for a new trial,
>
>(iii) a sentence that does not include a term of imprisonment, or
>
>(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).  "[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.' "  *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc)).  The Act creates a presumption of detention of a defendant pending appeal.  *United States v. Vance*, 851 F.2d 166, 168 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988).  In overcoming this presumption, the burden of proof rests with the defendant.  *Id*.

　　In his motion, Defendant refers vaguely to an ineffective assistance of counsel claim to be raised on appeal.  (ECF No. 35.)  He contends in his reply brief

2

that his current "counsel cannot be required to presage the arguments substitute counsel might make on appeal in support of Defendant's ineffective assistance of counsel claims" and "should not be required to 'handicap' [Defendant]'s chances (or his 'likelihood') of success with such claims on appeal." (ECF No. 39 at Pg ID 182-83.) Defendant suggests, however, that he could argue on appeal that his decision to plead guilty might have been different had he received different advice of counsel. (*Id*. at 183.) Defendant has not satisfied the Bail Reform Act's second requirement for release pending appeal.

As an initial matter, the Sixth Circuit generally refuses to hear a claim of ineffective assistance of counsel on direct appeal unless the claimed error is apparent from the record. *See United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006) ("This Court typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record."); *see also United States v. Wells*, 623 F.3d 332, 347-48 (6th Cir. 2010) (" 'Ineffective assistance claims are more properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255, where the record regarding counsel's performance can be developed in more detail.' ") (quoting *Lopez-Medina*, 461 F.3d at 737). Further, to succeed on a claim of ineffective assistance of counsel, Defendant must show that: (1) counsel's performance was constitutionally deficient; and (2) Defendant was prejudiced by counsel's errors.

3

*Combs v. Coyle*, 205 F.3d 269, 277 (6th Cir. 2000); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 566 U.S. at 689.  Defendant neither identifies a constitutional defect in his attorney's performance nor prejudice arising from that defect.  Vague assertions do not satisfy Defendant's burden of showing that his appeal would present a "substantial question of law or fact."

Accordingly

**IT IS ORDERED**, that Defendant's Motion to Stay Execution of Sentence Pending Appeal is **DENIED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: July 1, 2015